1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  NANCY J. GRAHAM, | CASE NO. 11-CV-0877 - IEG (POR) |
| 11                                    Plaintiff, | **ORDER:** |
| 12 | **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| 13  vs. | |
| 14 | **(2) *SUA SPONTE* DISMISSING COMPLAINT;** |
| 15 | |
| 16  DEPUTY EDWARD MACCONOGHY; SHERIFF WILLIAM GORE; and SGT. | **(3) DENYING AS MOOT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL.** |
| 17  DAVE PASEMAN, | |
| 18                                    Defendants. | |

19
20
21

        Plaintiff commenced this action on April 25, 2011, apparently alleging her civil rights were

22
violated.[1]  [Doc. No. 1.]  Together with her Complaint, Plaintiff submitted a Motion to Proceed In

23
Forma Pauperis and a Request for Appointment of Counsel.  Having considered Plaintiff's

24
arguments, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, but **DISMISSES**

25
**WITHOUT PREJUDICE** Plaintiff's Complaint.  Accordingly, the Court  **DENIES AS MOOT**

26
Plaintiff's Request for Appointment of Counsel.

27
28
        [1] Plaintiff does not cite or mention any law in the Complaint.  However, Plaintiff characterizes
this action as comprising law enforcement misconduct, civil rights violation, derilication of duty, and
elder abuse.

### DISCUSSION

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350.  <u>See</u> 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status.  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1177 (9th Cir. 1999).  The Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).

In the present case, having reviewed Plaintiff's motion and declaration in support of motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees.  <u>See</u> <u>Rodriguez</u>, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

**II.     INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous."  28 U.S.C. § 1915(e)(2)(B);  <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under <u>Neitzke</u> and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.  <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous to the extent it lacks an arguable basis in law or fact.  Plaintiff alleges that Sheriff Gore has not taken the necessary steps to prevent Deputy MacConoghy from stalking her.  <u>See</u> Compl. However, she fails to assert any basis for federal subject matter jurisdiction, fails to identify any

1   constitutional or statutory rights that Defendants violated, and fails to allege any facts establishing

2   a cause of action against Defendants.

3         Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, her

4   allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal

5   theory against Defendant.  Although the Court must assume Plaintiff can prove the facts she

6   alleges in her complaint, the Court may not "supply essential elements of the claim that were not

7   initially pled."  <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

8   **<u>CONCLUSION</u>**

9         Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma*

10  *Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's

11  complaint as frivolous and for failing to state a claim upon which relief can be granted.

12  Accordingly, the Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel.

13        Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First

14  Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is

15  cautioned her First Amended Complaint must be complete in itself, without relying on references

16  to the original Complaint.  Plaintiff is further cautioned any defendant not named or claim not re-

17  alleged will be considered waived.  <u>See</u> <u>King v. Attiyeh</u>, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

18        **IT IS SO ORDERED.**

19  **DATED:  May 19, 2011**

20                                        _____

21                                      **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

22

23

24

25

26

27

28