1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY J. GRAHAM,<br><br>                              Plaintiff,<br>    vs.<br><br>DEPUTY EDWARD MACCONOGHY;<br>SHERIFF WILLIAM GORE; and SGT.<br>DAVE PASEMAN,<br><br>                              Defendants. | CASE NO. 11-CV-0877 - IEG (POR)<br><br>**ORDER *SUA SPONTE*<br>DISMISSING COMPLAINT** |

Plaintiff commenced this action on April 25, 2011. [Doc. No. 1.] The Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 4.] Plaintiff filed a first amended complaint ("FAC") on July 28, 2011. For the reasons stated below, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC.

**DISCUSSION**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)). Where a complaint fails to state "any

1 constitutional or statutory right that was violated, nor asserts any basis for federal subject matter

2 jurisdiction," there is no "arguable basis in law" under <u>Neitzke</u> and the court on its own initiative

3 may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.

4 <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

5     As currently pleaded, Plaintiff's FAC fails to state a cognizable claim and is frivolous to

6 the extent it lacks an arguable basis in law or fact. Plaintiff alleges the sheriff's department has

7 inadequately responded to her complaints that she has been stalked and received threatening phone

8 calls. <u>See</u> Am. Compl. However, she fails to assert any basis for federal subject matter

9 jurisdiction, fails to identify any constitutional or statutory rights that Defendants violated, and

10 fails to allege any facts establishing a cause of action against Defendants.

11     Even affording Plaintiff's complaint the special consideration given to *pro se* claimants,

12 her allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable

13 legal theory against Defendant. Although the Court must assume Plaintiff can prove the facts she

14 alleges in her complaint, the Court may not "supply essential elements of the claim that were not

15 initially pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

16 **CONCLUSION**

17     Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's

18 complaint as frivolous and for failing to state a claim upon which relief can be granted. .

19     Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a Second

20 Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is

21 cautioned her Second Amended Complaint must be complete in itself, without relying on

22 references to other pleadings. Plaintiff is further cautioned that her Second Amended Complaint is

23 her final chance to state a claim. If Plaintiff's Second Amended Complaint does not state a claim,

24 the Court will dismiss the complaint without leave to amend.

25     **IT IS SO ORDERED.**

26 **DATED:** August 20, 2011

27     */s/ Irma E. Gonzalez*
    **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

28