# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY J. GRAHAM,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DEPUTY EDWARD MACCONOGHY; SHERIFF WILLIAM GORE; and SGT. DAVE PASEMAN,<br><br>　　　　　　　Defendants. | CASE NO. 11-CV-0877 - IEG (POR)<br><br>**ORDER**<br><br>**(1) *SUA SPONTE* DISMISSING WITH PREJUDICE SECOND AMENDED COMPLAINT**<br><br>**(2) DENYING MOTION FOR RECUSAL** |

Plaintiff commenced this action on April 25, 2011. [Doc. No. 1.] The Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 4.] Plaintiff filed a first amended complaint ("FAC") on July 28, 2011, [Doc. No 10], and the Court again dismissed Plaintiff's complaint without prejudice. [Doc. No. 13.] Plaintiff filed a second amended complaint ("SAC") on September 13, 2011.[1] [Doc. No. 17.] For the reasons stated below, the Court **DISMISSES WITH PREJUDICE** Plaintiff's SAC.

///

---

[1] The Court notes that Plaintiff had leave to file her SAC. When Plaintiff filed her SAC, the Court issued a notice of document discrepancies that erroneously stated that Plaintiff did not have leave to file her amended complaint. [Doc. No. 16.] In the Court's order dismissing Plaintiff's FAC, the Court granted Plaintiff leave to file a second amended complaint within 30 days of the order, which was filed on August 22, 2011. [Doc. No. 13.] Plaintiff filed her SAC on September 13, 2011 in compliance with the Court's order. [Doc. No. 17.]

## DISCUSSION

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted" or is " frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

As currently pleaded, Plaintiff's SAC fails to state a cognizable claim and is frivolous to the extent it lacks an arguable basis in law or fact.  Plaintiff's SAC is one page and contains absolutely no factual allegations.  [See Doc. No. 17.]  It merely states that the complaint is submitted without prejudice and expresses Plaintiff's concerns that the Court will dismiss the complaint.  [Id.]

Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, her allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal theory against Defendants.  Although the Court must assume Plaintiff can prove the facts she alleges in her complaint, the Court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's SAC also requests that a different judge be assigned to her case.  [Doc. No. 17.] The Court treats this request as a motion for recusal.  Recusal of federal judges is governed by 28 U.S.C. §§ 144, 455.  Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [she] shall proceed no further . . . ."  Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "Under both

1  statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would
2  conclude that the judge's impartiality might reasonably be questioned." <u>Yagman v. Republic Ins.</u>,
3  987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  A "reasonable person" is defined as a "well-
4  informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person."
5  <u>Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.</u>, 428 F.3d 1175, 1178 (9th Cir. 2005)
6  (quotation and citation omitted).  Disqualification will be justified either by actual bias or the
7  appearance of bias.  <u>Id.</u>  Ordinarily, the party must allege "facts that fairly support the contention
8  that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial
9  source."  <u>United States v. Sibla</u>, 624 F.2d 864, 868 (9th Cir. 1980).  The recusal procedure under
10 Section 144 requires the judge to make an initial review of the sufficiency of the motion, and if
11 sufficient, to refer the motion to another judge.  <u>Id.</u> at 867.

12      Plaintiff has alleged no facts showing that the Court has exhibited bias or prejudice toward
13 her stemming from an extrajudicial source.  The Court's prior rulings were well-reasoned and
14 grounded in law.  In addition, the Court notes that "judicial rulings alone almost never constitute a
15 valid basis for a bias or partiality motion."  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).
16 Accordingly, the Court **DENIES** Plaintiff's motion for recusal.

17                             **CONCLUSION**

18      In the Court's order dismissing Plaintiff's FAC, the Court warned Plaintiff that if she filed
19 a second amended complaint and it did not state a claim, the Court would dismiss the complaint
20 without leave to amend.  [Doc. No. 13.]  Because Plaintiff has still failed to properly state a claim
21 after twice being given leave to amend her complaint, the Court **DISMISSES WITH**
22 **PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief
23 can be granted.  The Court also **DENIES** Plaintiff's motion for recusal.

24      **IT IS SO ORDERED.**
25 **DATED:**  September 28, 2011
26                                **IRMA E. GONZALEZ, Chief Judge**
                                    **United States District Court**
27
28