# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY J. GRAHAM,<br><br>                           Plaintiff,<br>  vs.<br><br>DEPUTY EDWARD MACCONOGHY;<br>SHERIFF WILLIAM GORE; and SGT.<br>DAVE PASEMAN,<br><br>                           Defendants. | CASE NO. 11-CV-0877 - IEG (POR)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**<br><br>[Doc. No. 33] |

      Presently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. [Doc. No. 33.] For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

      Plaintiff commenced this action on April 25, 2011. [Doc. No. 1.] The Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed her complaint *sua sponte* as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 4.] Plaintiff's complaint alleged that Sheriff Gore had not taken the necessary steps to prevent Deputy MacConoghy from stalking her. [See Compl.] However, the complaint failed to assert any basis for federal subject matter jurisdiction, failed to identify any constitutional or statutory rights that Defendants violated, and failed to allege any facts establishing a cause of action against Defendants. [See id.] Therefore, the Court dismissed the complaint without prejudice and granted Plaintiff leave to file an amended pleading. [Doc. No. 4.]

      On July 28, 2011, Plaintiff filed a first amended complaint ("FAC"). [Doc. No 10.] In the

1  FAC, Plaintiff alleged that the sheriff's department had inadequately responded to her complaints
2  that she was being stalked and was receiving threatening phone calls. [See Doc. No. 10.]
3  However, the FAC again failed to assert any basis for federal subject matter jurisdiction, failed to
4  identify any constitutional or statutory rights that Defendants violated, and failed to allege any
5  facts establishing a cause of action against Defendants. [See id.] Therefore, the Court again
6  dismissed the FAC without prejudice as frivolous and for failure to state a claim and granted
7  Plaintiff leave to file a second amended complaint. [Doc. No. 13.] In that Order, the Court
8  warned Plaintiff that if she filed a second amended complaint and it did not state a claim, the Court
9  would dismiss the complaint without leave to amend. [Id.]

10  On September 13, 2011, Plaintiff filed a second amended complaint ("SAC"). [Doc. No.
11  17.] Plaintiff's SAC was one page and contained absolutely no factual allegations. [See id.] It
12  merely stated that the complaint was being submitted without prejudice and expressed Plaintiff's
13  concern that the Court would dismiss this complaint as well. [Id.] Therefore, the Court again
14  dismissed the SAC as frivolous and for failure to state a claim. [Doc. No. 18.] Because Plaintiff
15  had already twice been given leave to file an amended complaint and still failed to properly state a
16  claim, the Court dismissed the SAC with prejudice. [Id.]

17  On November 18, 2011, Plaintiff filed a notice of appeal from the Court's order dismissing
18  her SAC with prejudice and a motion for leave to proceed *in forma pauperis* on appeal. [Doc.
19  Nos. 22-23.] The Court denied Plaintiff's motion to proceed *in forma pauperis* on appeal on the
20  basis that her appeal would not be taken in good faith. [Doc. No. 26.] On November 15, 2011, the
21  Ninth Circuit Court of Appeals granted Plaintiff *in forma pauperis* status, but dismissed her appeal
22  as frivolous pursuant to 28 U.S.C. § 1915(e)(2). [Doc. No. 28.] On December 7, 2011, the Ninth
23  Circuit issued the formal mandate for Plaintiff's appeal. [Doc. No. 31.] On December 8, 2011,
24  Plaintiff filed another notice of appeal and another motion for leave to proceed *in forma pauperis*
25  on appeal. [Doc. Nos. 32-33.]
26  ///
27  ///
28  ///

**DISCUSSION**

28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "The good faith requirement is satisfied if the petitioner seeks review of any issue that is 'not frivolous.'" Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

On three occasions, the Court dismissed Plaintiff's complaint as frivolous and for failure to state a claim. Plaintiff's pleadings lacked any arguable basis in law or fact. Plaintiff appealed the Court's order dismissing her SAC with prejudice, and the Ninth Circuit dismissed her appeal as frivolous. Accordingly, the Court concludes that an appeal would not be taken in good faith, and the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. The Court will not accept any further filings from Plaintiff in this case.

**IT IS SO ORDERED.**

**DATED:** December 14, 2011

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**